UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY FOOTE, | Civil Action No. 19-17222 (SRC) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**CHESLER**, District Judge:

Presently before the Court is Petitioner Stanley Foote's motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255.  (ECF No. 1).  The Government filed a response to the motion (ECF No. 18), to which Petitioner replied.  (ECF No. 22).  For the reasons set forth below, this Court will deny the motion and deny Petitioner a certificate of appealability.

**I. BACKGROUND**

In the opinion denying Petitioner's first § 2255 motion, this Court summarized the background of this matter as follows:

> The underlying criminal matter arose from a 2006 FBI investigation of a narcotics trafficking ring led by Petitioner, known under his alias "Murder," a ranking member of the Nine-Three set of the Bloods gang. In light of that investigation, the FBI sought and obtained an order allowing its agents to intercept ("wiretap") Petitioner's conversations conducted through his cell phone.  During the three and a half weeks of that wiretap, Petitioner had numerous telephonic conversations with his girlfriend Barbara Manning ("Manning") and with Waleek Chandler ("Chandler"), Petitioner's close associate known under the alias "Reckless." These conversations revealed that Petitioner, Chandler and Manning were conspiring to rob the house of Rory Harvey ("Harvey"), a drug dealer who was living in Newark with his family[.]
>
> On August 23, 2006, while Harvey was away but when Harvey's mother, sister and four children were at home, Chandler entered

> Harvey's house through the first-floor window and, upon pointing a gun at Harvey's sister and children, directed them to get down on the floor and open the front door to allow Petitioner inside.[]  While Chandler was holding Harvey's sister and children at gunpoint, Petitioner searched through Harvey's bedroom for drugs and money. Since Harvey had moved the drugs and money to another location shortly prior to the burglary, the search proved fruitless, and Petitioner and Chandler eventually left Harvey's house. Harvey's mother, awaken[ed] by the burglary, alerted the police after the intruders left. Meanwhile, the disappointed Petitioner renewed his cell-phone discussions with Manning, and subsequently had an in-person conversation with her. These conversations confirmed that the burglary had taken place.
>
> On September 2, 2006, Petitioner was arrested. His indictment was returned on July 27, 2007, charging him with four counts, i.e., Hobbs Act conspiracy and Hobbs Act attempted robbery, brandishing a firearm during a crime of violence, and carrying a second firearm [in furtherance of a crime of violence]. His trial convened on February 10, 2009. At trial, the Government's case relied *inter alia*, on the testimony of Manning, members of Harvey's family, a neighbor who lived across the street from Harvey's house and who witnessed the burglary, FBI agents, wiretap recordings, and cell-site data. . . .
>
> The jury found Petitioner guilty on the first three counts (the Hobbs Act conspiracy, Hobbs Act attempted robbery, and [the] brandishing charge[]), but acquitted him on the second firearm charge. This Court sentenced him to two consecutive terms totaling 324 months.

*Foote v. United States*, No. 12-3094, 2014 WL 1214812, at *1-2 (D.N.J. Mar. 24, 2014).

Petitioner now argues his conviction for violating § 924(c) must be vacated because the predicate convictions for Hobbs Act conspiracy and Hobbs Act attempted robbery no longer constitute crimes of violence. While the § 924(c) brandishing of a weapon charge of which Petitioner was convicted in count three rested upon two purported underlying crimes of violence – the Hobbs Act conspiracy and attempted Hobbs Act robbery, both of which the jury was instructed counted as crimes of violence – the evidence produced at trial and the jury instructions issued at Petitioner's trial make clear that this weapons charge related to "the gun that the

government alleges was used by the individual that came through the window" which was pointed at Harvey's family during the attempted robbery. (Docket No. 07-631 at ECF No. 108 at 129). It is abundantly clear from the instructions, the evidence provided at trial, and the jury's conclusion that the weapon in question was brandished, that the jury's conclusion that Petitioner was guilty of violating § 924(c) arose out of the direct use and pointing of a firearm during the attempted robbery, and not some abstract possession of a weapon at some other stage of the background conspiracy to commit robbery. Because Hobbs Act attempted robbery still constitutes a crime of violence, Petitioner's motion will be denied.

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert.*

*denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

**B. Analysis**

**1. No evidentiary hearing is necessary in this matter**

A district court need not hold an evidentary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. Because Petitioner's claim in this matter is clearly without merit, no hearing is necessary to resolve this matter.

**2. Petitioner's *Davis* Claim**

In his sole claim in this matter, Petitioner contends that his conviction for violating § 924(c) must be vacated because he believes that Hobbs Act conspiracy and attempted Hobbs Act robbery no longer qualify as crimes of violence sufficient to support that conviction in light of the Supreme Court's decision in *United States v. Davis*, --- U.S. ---, 139 S. Ct. 2319 (2019). Section 924(c) criminalizes the use, carrying or possession of a firearm in furtherance of a crime of violence. As explained by the Supreme Court in *Davis*, under the statute, a crime will qualify as a crime of violence only when it satisfies one of two alternative clauses – the statute's elements clause, § 924(c)(3)(A), or the statute's residual clause, § 924(c)(3)(B). *Davis*, 139 S. Ct. at 2324. In *Davis*,

the Supreme Court invalidated the residual clause of 18 U.S.C. § 924(c) as unconstitutionally vague, but left in place the statute's remaining elements clause. *Davis*, 139 S. Ct. at 2325-2333. Thus, after *Davis* a crime will only qualify as an underlying crime of violence for a § 924(c) charge where it meets the elements clause of § 924(c). *Id.* Under the elements clause, a crime constitutes a valid "crime of violence" where the "offense is a felony" and it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 2324. In *United States v. Walker*, 990 F.3d 316, 325-30 (3d Cir. 2021), the Third Circuit specifically held that both completed Hobbs Act robbery and attempted Hobbs Act robbery qualify as crimes of violence under the elements clause of § 924(c). The Third Circuit left open, however, the question of whether conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under the elements clause, but did observe that there "is a serious argument" to suggest that a conspiracy charge cannot meet the elements clause. *Id.* at 330.

Even assuming that Petitioner's conspiracy to commit Hobbs Act robbery charge no longer qualifies as a crime of violence sufficient to support a § 924(c) charge, it is clear after *Walker* that Petitioner's attempted Hobbs Act robbery charge is more than sufficient to support his conviction. As the Third Circuit has recently explained, even where jury instructions erroneously permitted a jury to convict a criminal defendant of violating § 924(c) on both a proper basis – Hobbs Act robbery or attempted Hobbs Act robbery – and on a purportedly improper basis – conspiracy to commit Hobbs Act robbery – that error is subject to harmless error review. *United States v. Howell*, No. 18-3216, 2021 WL 3163879, at *3 (3d Cir. July 27, 2021) (citing *Untied States v. Andrews*, 681 F.3d 509, 522 (3d Cir. 2012)). In a habeas matter such as this, an error will be considered harmless where it did not actually prejudice the petitioner insomuch as it did not have a substantial and injurious effect upon the outcome of the trial. *See, e.g., Brecht v. Abrahamson*,

507 U.S. 619, 636-37 (1993).[1]  In determining whether a mixed instruction such as the one Petitioner challenges is harmless, a reviewing court must look to the "strength of the evidence" on the valid predicate theory, how the government's level of reliance on the improper predicate theory in pursuing the § 924(c) conviction, and the extent to which the allegedly invalid predicate theory of guilt is interwoven throughout the jury instructions, with the strength of the evidence prong being of chief importance.  *Howell*, 2021 WL 3163879 at *3.  Where these factors suggest that the jury would have convicted the petitioner even if charged they could only use the proper predicate charge to find the petitioner guilty, the error will be harmless and not support the granting of relief.  *Id.*

In this matter, the jury was instructed that it could find Petitioner guilty of § 924(c) using either predicate offense – the proper predicate of attempted Hobbs Act robbery and the potentially now improper predicate of conspiracy to commit Hobbs Act robbery.  That said, the jury instructions clearly indicated that the *factual* basis for the charge was the use of a firearm during the actual attempted robbery – specifically the pointing of a firearm at Harvey's family while Petitioner searched Harvey's home for the desired robbery proceeds.  The Government's case and arguments, as well as the evidence presented at trial on the weapons charge of which Petitioner was convicted, all rested on the actual brandishing of a firearm during the attempted robbery, and not some other possession of a weapon during a more inchoate stage of the conspiracy.  As there was strong evidence to support the conclusion that the jury convicted Petitioner of violating §

---

[1] *Howell* involved a direct appeal challenge, and the claim raised in *Howell* was therefore subject to the more defendant-friendly harmless error standard applicable on direct appeal – that an error will be harmless only where there is no reasonable probability that the error affected the trial. Because this is a habeas matter, Petitioner's claim is instead subject to the *Brecht* standard, which is much more likely to result in an error being found harmless than claims reviewed under the harmlessness standard applied on direct appeal. *See Brecht*, 507 U.S. at 636-37.

924(c) based on the actual brandishing of a weapon during the attempted robbery – indeed, virtually all the evidence on that charge relates to the brandishing of the firearm during the attempted robbery – as the Government chiefly relied on this proper attempted robbery basis in pursuing the § 924(c) charge, and as the jury instruction reflected this understanding that the charge was based on the actual pointing of the firearm during the attempted robbery, it is abundantly clear in this matter that charging the jury on the allegedly improper predicate – the conspiracy charge – was ultimately harmless.  There is no substantial likelihood that the jury would not have convicted Petitioner of violating § 924(c) had they been instructed that they should *only* rely on the attempted Hobbs Act robbery as the underlying crime of violence, and it is clear that the inclusion of the conspiracy as an additional crime of violence in the instructions in this matter therefore did not have a substantial and injurious effect on the outcome of Petitioner's trial.  As *Walker* makes it clear that the attempted Hobbs Act robbery is a proper predicate, Petitioner's Davis claim is therefore without merit and must be denied as such.  Petitioner's motion to vacate his sentence is therefore denied.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. . § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  As it is clear that any error in this matter was harmless, Petitioner's *Davis* claim is without merit, and

Petitioner has therefore failed to make a substantial showing of the denial of a constitutional right. Petitioner is therefore denied a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, Petitioner's motion to vacate sentence (ECF No. 1) is **DENIED** and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

                                          s/ Stanley R. Chesler
                                          Hon. Stanley R. Chesler,
                                          United States District Judge