NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| STANLEY FOOTE, | : : : | **Civil Action No. 19-17222 (SRC)** |
| Petitioner, | : : | |
| v. | : : : | **OPINION** |
| UNITED STATES OF AMERICA, | : : : | |
| Respondent. | : : : | |

**CHESLER**, District Judge

This matter comes before the Court on remand from the United States Court of Appeals for the Third Circuit with instructions to vacate Count 3 of the conviction of Petitioner Stanley Foote ("Petitioner"). On September 16, 2022, the Court ordered the parties to submit briefs addressing appropriate relief following the vacatur of Count 3, and specifically whether a plenary resentencing was necessary. The United States ("Government") asserts a plenary resentencing is necessary. Petitioner opposes a plenary resentencing. The Court, having considered the papers filed by the parties, proceeds to rule on the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will order a plenary resentencing.

**I.   Background**

In 2006, the FBI began investigating a narcotics trafficking ring led by Petitioner. As part of that investigation, the FBI obtained an order authorizing it to intercept Petitioner's conversations

on his cell phone. Intercepted conversations between Petitioner, his girlfriend Barbara Manning, and his associate Waleek Chandler revealed the three were conspiring to rob the home of Rob Harvey, a drug dealer who lived in Newark with his family.

On August 23, 2006, Chandler entered Harvey's house through the first-floor window. Harvey was not home, but members of his family were. Chandler held Harvey's sister and children at gunpoint, ordering them to let Petitioner in through the front door and to get down on the floor. Once inside, Petitioner searched Harvey's bedroom for drugs and money. Harvey had moved these to another location, so the search was unsuccessful. After Petitioner and Chandler left, Harvey's mother called the police. Petitioner discussed the failed robbery with Manning on his cell phone, which was intercepted by the FBI. See Foote v. United States, No. 12-3094, 2014 WL 1214812, at *1 (D.N.J. Mar. 24, 2014).

Petitioner was arrested on September 2, 2006. He was indicted on July 27, 2007 with four counts: 1) conspiracy to commit a Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a); 2) attempted Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a); 3) brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); and 4) carrying an additional firearm in furtherance of a crime of violence in violation of § 924(c). A jury found Petitioner guilty of the first three counts. It found Petitioner not guilty of Count 4. This Court sentenced petitioner to 324 months of imprisonment—concurrent 240-month sentences for Counts 1 and 2 and a mandatory consecutive 84-month sentence for Count 3. See id. at *1-2.

After a prior unsuccessful petition pursuant to 28 U.S.C. § 2255,[1] Petitioner sought leave

---

[1] Petitioner's first petition was denied by this Court on March 24, 2014, and the Third Circuit denied Petitioner a certificate of appealability on March 18, 2015. Civil Docket No. 12-03094.

of the Third Circuit in 2016 to file a second or successive § 2255 petition, asserting that his § 924(c) conviction was unconstitutional in light of Johnson v. United States, 576 U.S. 591 (2015). Johnson held the residual clause of the Armed Career Criminal Act was unconstitutionally vague, and Petitioner asserted the same reasoning applies to the similar residual clause of § 924(c). (ECF No. 1). While Petitioner's petition was in pendency before the Third Circuit, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019), explicitly holding the residual clause of § 924(c) unconstitutional. The Third Circuit authorized Petitioner to file a second or successive § 2255 petition in this Court. In re Matthews, 934 F.3d 296, 298 n.2 (3d Cir. 2019).

This Court then considered Petitioner's § 2255 petition. It denied the petition because Davis left the elements clause of § 924(c) intact. Under the elements clause, an offense is a crime of violence if it is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). At the time, the Third Circuit considered an attempted Hobbs Act robbery a crime of violence. Therefore, this Court held Petitioner's § 924(c) conviction was adequately supported by his attempted Hobbs Act robbery conviction. Foote v. United States, No. 19-17222, 2021 WL 5122073 (D.N.J. Nov. 4, 2021).

Petitioner appealed that decision. While it was on appeal, the Supreme Court decided United States v. Taylor, 142 S. Ct. 2015 (2022), which held an attempted Hobbs Act robbery was not a crime of violence under the elements clause. The government then conceded that neither the conspiracy nor the attempted Hobbs Act robbery could uphold Petitioner's § 924(c) conviction. The Third Circuit accordingly remanded the case to this Court with instructions to vacate Count 3. The Third Circuit's Order explicitly left the issue of resentencing for this Court to address in

3

the first instance. (ECF No. 29).

## II. Discussion

Both parties acknowledge that, in light of the Third Circuit's decision (ECF No. 29), the Court must vacate Count 3. (Gov't Br. at 5; Pet. Br. at 4). The Court's September 16th Order states that Count 3 is vacated. (ECF No. 30). However, the Court erroneously issued this Order before receiving a mandate from the Third Circuit. (ECF No. 33). Therefore, now that the Court properly has jurisdiction, the Court grants Petitioner's § 2255 motion and Count 3 is now vacated.

The Court must determine an appropriate remedy now that Count 3 is vacated.[2] The relevant statute, 28 U.S.C. § 2255(b), provides a court "shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The Third Circuit has interpreted this language to "confer[] upon the district court broad and flexible power in its actions following a successful § 2255 motion." United States v. Davis, 112 F.3d 118, 121 (3d Cir. 1997).

The Government asserts the Court should vacate the sentence for Petitioner's other counts and conduct a plenary resentencing. It asserts the sentencing-package doctrine calls for a plenary resentencing because Petitioner's sentence was based on multiple interdependent counts.[3]

---

[2] The Court will decide this issue now despite not receiving a response to its October 27th letter. In that letter, the Court asked Petitioner to confirm that he wanted to be represented by attorneys Michael N. Pedicini and Kristen Jasket Piper, who were appointed by the Court. It would be inappropriate for the Court to terminate appointed counsel absent any evidence of Petitioner's desire to proceed pro se. Petitioner's lack of a response is not evidence of such an intention. Approximately two months have passed since the Court's letter, so the Court will proceed. It will rely on the brief submitted by Mr. Pedicini and Ms. Piper (ECF No. 42), rather than Petitioner's pro se brief dated before the appointment of counsel (ECF No. 40).

[3] The government says it would advocate for the reimposition of Petitioner's 324-month sentence under the surviving counts, if the Court orders a plenary resentencing.

Petitioner disagrees, noting a plenary resentencing is not required given the Court's considerable discretion in this context.  Petitioner asserts no further action is advisable when the Court has already conducted a full sentencing analysis for the surviving counts and rejects the application of the sentencing-package doctrine.  Petitioner cites Clark v. United States, No. 19-17214, 2021 WL 3561246 (D.N.J. Aug. 12, 2021), as an example of this Court declining to apply the sentencing-package doctrine to order a full resentencing.

The Supreme Court has not mandated a singular approach for how district courts should approach sentencing after the vacatur of a § 924(c) conviction.  It has, however, approved of courts conducting a plenary resentencing in such circumstances: "when a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted."  Davis, 139 S. Ct. at 2336 (quoting Dean v. United States, 137 S. Ct. 1170, 1176 (2017)).  In the Third Circuit, the sentencing-package doctrine permits courts to modify an entire sentence after a single conviction is vacated.  It applies when the vacated sentence is "one of several interdependent counts resulting in an aggregate sentence."  United States v. Davis, 112 F.3d 118, 124 (3d Cir. 1997).  The Third Circuit has explained:

> The sentencing-package doctrine recognizes "a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan."  Thus, "when a conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand."  The district judge's goal in revisiting the overall sentencing plan after vacatur of a conviction is "to ensure that the punishment still fits both crime and criminal."

United States v. Grant, 9 F.4th 186, 199 (3d Cir. 2021) (en banc) (alteration, emphasis, and citations omitted) (quoting Davis, 112 F.3d at 122).

United States v. Davis, 112 F.3d at 120, is particularly instructive.  There, the defendant was convicted of drug and false statement charges, as well as using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c).  He received a total sentence of 123 months, which included a mandatory 60-month consecutive sentence for the § 924(c) conviction.[4]  Once the defendant's § 924(c) conviction was vacated for being inconsistent with Bailey v. United States, 516 U.S. 137 (1995), the district court ordered resentencing on all remaining counts.  Because of the likelihood the defendant's sentences for other counts were impacted by the mandatory consecutive sentence imposed by § 924(c), the district court was able to craft a new sentence as if the defendant had "never been convicted of the § 924(c) charge at the time of the original sentencing."  Id. at 120.  This ensured the defendant's ultimate sentence was appropriate for the nature of his offense, thus avoiding significant sentencing disparities.  Id. at 120.  The Third Circuit affirmed this decision.  Id. at 122.

Here, it is appropriate to apply the sentencing-package doctrine.  Petitioner's mandatory sentence for Count 3 was part of an overall sentencing plan.  See Sentencing Transcript (ECF No. 109), at 26:12-13, United States v. Foote, 07-cr-00631 (D.N.J. 2009) (explaining the need for an "extremely substantial sentence").  The Court therefore should reconsider Petitioner's entire sentence.  This will allow it to adjust, if necessary, Petitioner's sentences for Counts 1 and 2 so they are still appropriate in the absence of Count 3.  The Court will be able to consider all relevant

---

[4] The rest of the sentence came from a 63-month sentence for the drug convictions and a 60-month sentence on the false statement conviction, to be served concurrently.  Id. at 120.

information and arguments to ensure Petitioner's sentence is "sufficient, but not greater than necessary" to accomplish the goals of sentencing.[5]  18 U.S.C. § 3553(a).

This case is essentially indistinguishable from Davis.  In both cases, the aggregate sentence contained consecutive sentences and a mandatory sentence pursuant to § 924(c).  In both cases, the § 924(c) conviction was vacated following decisions of the Supreme Court.  Now, this Court will follow the Davis court and resentence Petitioner on all counts.  Petitioner asserts Clark v. United States, No. 19-17214, 2021 WL 3561246 (D.N.J. Aug. 12, 2021), provides an example of this Court declining to apply the sentencing-package doctrine, but it is distinguishable from this case.  There, the defendant was sentenced to life imprisonment plus five years pursuant to a § 924(c) conviction.  After the § 924(c) count was vacated, the defendant asserted his life sentence should be reconsidered based on the sentencing-package doctrine.  However, the Court declined to do so because the defendant's sentence had not changed—a life sentence is a life sentence—so there was no need to modify the defendant's sentence to account for the vacated conviction.[6]  Id. at *7.  Here, vacating Petitioner's § 924(c) conviction eliminates 84 months from his sentence.  Those 84 months were part of the Court's plan to impose a substantial sentence based on the seriousness of Petitioner's offense.  Because the sentences for Counts 1 and 2 were impacted by the need to impose a mandatory consecutive § 924(c) sentence, the Court will resentence Petitioner for all counts.

---

[5] Accordingly, the Court takes no position at this time of the Government's stance that Petitioner's 324-month sentence should be reimposed.

[6] Clark also rejected the proposition that the defendant's sentence on other counts was increased due to the § 924(c) count.  Id. at *7.

**III.     Conclusion**

        For the foregoing reasons, the Court grants Petitioner's § 2255 motion and vacates Count 3 of Petitioner's conviction.  It also vacates the sentences associated with Counts 1 and 2.  The Court will conduct a plenary resentencing for Counts 1 and 2.  An appropriate order will be filed.

                                                          s/ Stanley R. Chesler
                                                        STANLEY R. CHESLER
                                                     United States District Judge

Dated:  December 28, 2022